# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSWALD M. NAFF, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-10-806-D |
| L.L. YOUNG, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Prior to his discharge from the custody of the Oklahoma Department of Corrections ("DOC"),[1] Oswald M. Naff filed this action seeking relief from various officials and staff members at the Clara Waters Community Correctional Center ("Clara Waters") pursuant to 42 U.S.C. §1983 for the alleged violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution [Doc. No. 1, sequential[2] pp. 1 - 7]. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

**Plaintiff's Complaint**

---

[1] The Oklahoma Department of Corrections Website reflects that Plaintiff was discharged from State custody on February 16, 2011. *See* http://www.doc.state.ok.us/offenders/offenders.htm.

[2] Plaintiff has inserted an additional page in his form complaint; the undersigned has cited to the pages of Plaintiff's complaint as they appear in sequential order.

Plaintiff maintains that in June, 2010 he was accused of forging the signature of a Clara Waters staff member on a job search itinerary [Doc. No. 1, sequential p. 2; Doc. No. 1, Exhibit 3, pp. 3 - 4]. In describing the nature of his case, Plaintiff alleges that "[e]very since I've been accused of those accusations I have requested a Handwriting expert analysis, to no avail I've been denied my request each [and] every time."[3] [Doc. No. 1, sequential p. 2]. Plaintiff then alleges that "[o]n July 1st I was convicted of forgery (without) a Handwriting Expert analysis . . My name has been slandered, I've been punished unfairly for filing my complaint, I have lost wages on my job due to these falsely allegations[.]" *Id.* Finally, in his description of the nature of his case, Plaintiff contends that "[a]ll I want to do is prove my innocents. I have (3) Department of Corrections Employee's that will take the witness stand in my behalf . . ." *Id.*

In the portion of the form complaint where Plaintiff is required on a count by count basis to state the constitutional right which he maintains has been violated along with supporting facts, Plaintiff references three letters – attached as exhibits – written to various officials with the Department of Corrections with regard to the forgery accusations [Doc. No. 1, sequential pp. 4 - 5]. In the first of these letters – to DOC Director Justin Jones, dated June 14, 2010 – Plaintiff stated that he had been locked up prior to any disciplinary hearing because he had requested copies to be sent to Director Jones. *Id.* at Exhibit 1, p. 3 and Exhibit 3, p. 1.

---

[3]Unless otherwise indicated, quotations in this report are reproduced verbatim.

Finally, Plaintiff maintains that he is entitled to the following relief: "Restore my name by Giving me a Handwriting Expert analysis and $55,000.00 for lost wages, Defamation of Character, and Slander, pain & suffering by being locked up in a detention for (31) days with [Meth users and Ice users] . . . I was denied a notary public also . . ." *Id.* at sequential p. 6.

**Status of the Case**

In accordance with this court's order [Doc. No. 15] and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), a Special Report has been filed by the DOC [Doc. No. 24]. The named Defendants have filed a motion seeking dismissal or, alternatively, summary judgment [Doc. No. 25] to which Plaintiff has failed to respond despite the undersigned's *sua sponte* order extending his response time and advising him of the consequences of failing to controvert Defendants' statement of undisputed material facts [Doc. No. 26]. For the reasons which follow, the undersigned recommends that Defendants' alternative motion for summary judgment be granted in part and the remainder of Plaintiff's claims be dismissed.

**Conditions of Confinement Claims Including Retaliation**

    **Standard of Review**

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah*

3

*Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while a *pro se* plaintiff's complaint is liberally construed, a *pro se* plaintiff must adhere to the same rules of procedure which are binding on all litigants. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a *pro se* plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Because Plaintiff failed to respond to Defendants' motion, he has failed to dispute Defendants' material facts under the federal procedural rule applicable to summary judgment determinations:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must– by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). In this same vein, the local rules of this court provide in part that "[a]ll material facts set forth in the statement of the material facts of the movant may be

4

deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." LCvR56.1(c).

### **Exhaustion of Administrative Remedies**

Defendants have affirmatively challenged Plaintiff's conditions of confinement and retaliation claim – that he was "punished unfairly for filing my complaint" and was locked up prior to any disciplinary hearing because he had requested copies be sent to DOC Director Jones [Doc. No. 1, sequential p. 2; Exhibit 1, p. 3; and, Exhibit 3, p. 1] – on the ground that Plaintiff has failed to exhaust his administrative remedies [Doc. No. 25, pp. 7 - 15]. The Prison Litigation Reform Act of 1995 ("PLRA") requires that an inmate exhaust *all* available administrative remedies *before* resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the facility's grievance procedure. *Id.* at 218. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d

1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007).

In connection with Plaintiff's exhaustion of available administrative remedies, the undersigned finds that the following facts – reproduced verbatim from Defendants' statement of "facts to which no controversy exists" [Doc. No. 25, pp. 3 - 5] – are uncontradicted:

1. DOC has in place a grievance procedure. *See* OP-090124 [Doc. No. 25, Exhibit 2].

2. The grievance procedure provides that, in order to exhaust administrative remedies, an inmate MUST file a Request to Staff within seven days of the incident, MUST file a grievance and MUST file a grievance appeal if his issue remains unresolved. *Id.*, at (IV)(B), (VII)(B).

3. Vivian Brown, the DOC official responsible for maintaining misconducts and grievances for Clara Waters Community Corrections Center, testified that she has conducted a search for grievances or appeals filed by Plaintiff and he has not filed any grievances or appeals [Special Report, Attachment 10].

In the absence of a response by Plaintiff to Defendant's summary judgment motion with its supported statement of uncontroverted, material facts, the undersigned finds that Plaintiff has failed to exhaust any claim he may be attempting to assert against any Defendant in connection with the conditions of his confinement including any alleged retaliation in connection with his attempts to complain to DOC officials.[4] Consequently, Defendants are

---

[4]When an affirmative defense – such as the failure to exhaust administrative remedies – is asserted in a motion for summary judgment, Defendants "must demonstrate that no
(continued...)

entitled to summary judgment with regard to any claim Plaintiff has asserted with regard to his conditions of confinement including a claim of retaliation. *See Patel v. U.S.,* 399 Fed. Appx. 355, 361 (10th Cir. 2010) (finding summary judgment appropriate where "the grievance record was sufficient to make a definitive ruling on exhaustion.").

**Misconduct Conviction**

     **Standard of Review**

In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard.

---

[4](...continued)
disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.* By establishing that Plaintiff did not file a grievance as mandated by the DOC grievance process, Defendants have met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of failure to exhaust. In his discussion of his letter to DOC Director Jones, Plaintiff states that "Mr. Jones' Designee Ms. Debbie L. Morton, told me I must follow policy [and] procedure. I cannot as I explained to them when everyone at this facility is (directly involved) . . . . see Exhibit (1)[.]" [Doc. No. 1, sequential p. 4]. To the extent that Plaintiff is attempting to claim that any effort to exhaust would have been futile, his failure to respond to Defendants' dispositive motion with factual support for his conclusory allegation dooms any such claim.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Defendants maintain that Plaintiff's claims seeking monetary and equitable relief in conjunction with his misconduct conviction are not cognizable under § 1983 and must be dismissed [Doc. No. 25, pp. 15 - 16]. In this regard, the DOC's *Martinez* report verifies Plaintiff's claim [Doc. No. 1, sequential p. 2] that he was convicted of forgery in July, 2010 [Doc. No. 24, Special Report, Attachment 2, p.22] and that thirty days of earned credits were revoked and a $5.00 fine imposed. *Id.*

To the extent that Plaintiff seeks damages as a result of his misconduct conviction, Plaintiff's § 1983 claim should be dismissed without prejudice. In its decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *id.* at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 487. Subsequently, the Court extended the *Heck*

8

doctrine to the prison disciplinary setting. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). The Court held that a prisoner may not bring a § 1983 action challenging a disciplinary hearing by seeking damages or equitable relief when his claim would "necessarily imply the invalidity of the punishment imposed" unless he first demonstrates that his disciplinary conviction was previously invalidated. *Id.* Plaintiff has failed to do so, and any claim bearing on his misconduct conviction and resulting sanctions must be dismissed.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

It is recommended that Defendants' motion for summary judgment [Doc. No. 25] be granted as to any claim by Plaintiff regarding his conditions of confinement, including any claim of retaliation. It is further recommended that Defendants' motion to dismiss [Doc. No. 25] be granted as to any claim arising from Plaintiff's misconduct conviction and resulting sanctions.

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by the 5th day of May, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of April, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE